IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARCIA HOLDAHL, ) | |
| ) | |
| ) | |
| Plaintiff ) | Civil No. 07-417-MO |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**MOSMAN, J.,**

    Plaintiff Marcia Holdahl ("Holdahl") challenges the Commissioner's decision finding her not disabled and denying her application for Supplemental Security Income ("SSI"). I have jurisdiction under 42 U.S.C. §§ 405(g) and 1313(c). For the following reasons, the Commissioner's decision is AFFIRMED.

    I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and that his findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

///

## THE ALJ'S FINDINGS

The Administrative Law Judge ("ALJ") made his decision based upon a five-step sequential process established by the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (9th Cir. 1987); 20 C.F.R. § 416.920(a).

The ALJ found Ms. Holdahl's "back pain secondary to degenerative joint disease and degenerative disc disease, dysthymia, and provisional somatoform disorder [not otherwise specified]" severe at step two in the sequential proceedings. Tr. 29. The ALJ found that these impairments did not meet or equal a disorder "listed" in the Commissioner's regulations, and assessed Ms. Holdahl's residual functional capacity ("RFC"):

> She is able to lift and/or carry up to 25 pounds occasionally and up to 10 pounds frequently. She can stand and/or walk for a total of about 6 hours in an 8-hour workday and can sit for a total of about 6 hours in an 8-hour workday. She should have limited exposure to vibration . . . She should have limited exposure to hazards (i.e. machinery, heights, etc.) . . . The claimant has a moderate restriction in her ability to understand, remember, and carry out detailed instructions. She is able to follow and remember simple, single step instructions, but is less reliable on detailed instructions. She has some difficulties with memory and attention. She is capable of decision making. She has a moderate restriction in her ability to respond appropriately to work pressures in a usual work setting. Depression may at least moderately affect her ability to respond to work pressure.

Tr. 30. The ALJ found that this RFC allowed Ms. Holdahl to perform work existing in the national economy and therefore found Ms. Holdahl not disabled. Tr. 30-31.

## ANALYSIS

Ms. Holdahl challenges the ALJ's finding that she does not have an impairment meeting the regulatory requirements for presumptive disability at step three in the sequential analysis and his conclusion that she retains the RFC to perform work existing in the national economy.

PAGE 2 - OPINION AND ORDER

I.    **The ALJ's Step Three Finding**

Ms. Holdahl asserts that she meets Listing 12.07 for Somatoform Disorders. Pl.'s Opening Br. 3-5. Ms. Holdahl does not challenge the ALJ's concurrent finding that she does not meet Listing 12.04.

At step three in the Commissioner's sequential proceedings, the ALJ determines whether the claimant's severe impairments meet or equal a "listed" impairment in the regulations. If it does, the claimant is presumptively disabled. This analysis is based upon medical or clinical evidence only. 20 C.F.R. § 416.920(a)(4)(iii), *Marcia v. Sullivan*, 900 F.2d 172, 174-175 (9th Cir. 1990). The ALJ does not consider a claimant's symptom testimony or associated lay witness testimony until he proceeds beyond step three of the sequential proceedings. 20 C.F.R. §§ 416.920(a)(iv) and (v), 416.945(a)(3).

To meet or equal Listing 12.07 for a Somatoform Disorder, a clamant must therefore demonstrate by medical or clinical evidence alone that she fulfills criteria from an "A" and "B" list, respectively reflecting symptoms and severity indicators. 20 C.F.R. Pt. 404, Subpart P, App. 1 § 12.07.

The ALJ found that Ms. Holdahl's "provisional somatoform disorder" (tr. 29) "at least provisionally" met the "A" symptom criteria for Listing 12.07. Tr. 24. The ALJ also found that "no treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment." Tr. 24. This finding refers to the §12.07 "B" criteria, which the ALJ subsequently enumerated. *Id.*

The § 12.07 "B" criteria require demonstration of at least two of the following categories: (1) marked restriction in daily activities, (2) marked difficulties in social functioning, (3) marked

difficulties in concentration, persistence, and pace, or (4) "repeated episodes of decompensation, each of extended duration." 20 C.F.R. Pt. 404, Subpart P, App. 1 § 12.07(B).

The ALJ considered application of the § 12.07 "B" criteria to Ms. Holdahl:

> The consultative psychological evaluation and treatment records reveal [that] Ms. Holdahl's mental disorders result in mild to moderate limitations of her social and occupational functioning, and her mental impairments have not resulted in any episodes of decompensation. In addition, there is no indication that minimal increase in mental demands is likely to cause her to decompensate mentally. Nor is there any evidence in the record indicating that she is unable to function outside the area of her home. Evaluation of the impairments . . . does not reveal functional limitation manifested to the degree required to meet severity [B] criteria of section . . . 12.07 of Appendix 1.

Tr. 25 (internal citations omitted).

The record shows that Dr. Friedman, examining psychologist, evaluated Ms. Holdahl on February 11, 2003. Tr. 266-69. Dr. Friedman did not assess any relevant limitations. Examining neurologist Dr. Devere conducted a clinical examination on March 11, 2003, also with no suggested limitations. Tr. 229-30.

Another examining psychologist Dr. Brischetto assessed Ms. Holdahl on February 7, 2004. Tr. 296-306. Dr. Brischetto assessed no limitations in Ms. Holdahl's abilities to understand and carry out short simple instructions and work-related decisions. Tr. 321. Dr. Brischetto suggested "moderate" limitation in Ms. Holdahl's ability to understand and remember detailed instructions and respond appropriately to "work pressure in a usual work setting." Tr. 321-22. Dr. Brischetto did not assess any limitations in Ms. Holdahl's ability to interact appropriately with the public, supervisors, or co-workers. Tr. 322.

The ALJ's finding that no treating or examining physician assessed "marked" limitations

PAGE 4 - OPINION AND ORDER

relevant to the § 12.07 "B" criteria is consistent with the record. Contrary to Ms. Holdahl's inference, the ALJ was not required to consider Ms. Holdahl's testimony in this determination. 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920a, *Marcia*, 900 F.2d at 174. The ALJ's finding that Ms. Holdahl's "provisional" somatoform impairment did not meet or equal listing-level severity is affirmed.

## II. The ALJ's RFC Assessment

Ms. Holdahl subsequently contends that the ALJ's RFC assessment relied upon improper standards in rejecting her testimony and that of a lay witness. Ms. Holdahl also asserts that the ALJ erroneously rejected a treating physician's opinion.

### A. Ms. Holdahl's Testimony

Ms. Holdahl challenges the ALJ's evaluation of her testimony, stating only that the ALJ erred by "relying solely upon objective evidence of Plaintiff's impairments when he found that Plaintiff was not credible because her reported symptomology did not conform to objective findings." Pl.'s Opening Br. 6.

The ALJ found Ms. Holdahl not credible based upon her activities of daily living and work activity as well as her medical record. Tr. 26. The ALJ may consider a claimant's daily activities in his credibility analysis. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ may also consider a claimant's work history. *Id.* These findings are affirmed.

The ALJ's credibility analysis may finally cite a claimant's medical record in concert with other credibility factors. *Id.*, *see* also *Robbins v. Soc. Security. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). Regarding Ms. Holdahl's complaints of burning, numbness and tingling sensations, dizziness, intermittent tremors, vertigo, blurred vision, speech difficulty, headaches, and poor memory, the ALJ noted that "neurological examinations have been unremarkable. No objective neurologic

deficits were identified." Tr. 26. The ALJ also noted that the record did not support Ms. Holdahl's testimony that she experienced a stroke. *Id.*

The record confirms this finding. No treating or examining physician or psychologist found evidence of a stroke or any other physiological explanation for Ms. Holdahl's reported symptoms. Tr. 299, 241, 244, 265, 295, 324. The ALJ's finding regarding Ms. Holdahl's neurological examinations is based upon the record and the ALJ appropriately cited this finding in his credibility analysis.

Ms. Holdahl now contends that the ALJ inappropriately based his credibility finding upon symptoms related to her somatoform disorder. Pl.s Opening Br. 6. Ms. Holdahl correctly asserts that the nature of such symptoms is that they do not have organic explanation. This court agrees that, if the ALJ had based his credibility finding exclusively upon Ms. Holdahl's somatoform disorder symptoms, the ALJ's finding would be weaker. Such reasoning would be circuitous because the ALJ's disregard of the claimant's symptom testimony would disregard a clinical diagnosis the Commissioner recognizes. However, the ALJ presently did not base his credibility analysis entirely upon Ms. Holdahl's complaints attributable to her somatoform disorder. This argument therefore fails.

The ALJ's analysis of Ms. Holdahl's testimony is based upon substantial evidence and the correct legal standards. The ALJ's finding that Ms. Holdahl's "allegations regarding her limitations are not totally credible" (tr. 29) is affirmed.

### B. Lay Witness Testimony

Ms. Holdahl states that when her "family's reports and observations" are credited, her daily

activities, social life, and ability to concentrate "are markedly impaired." Pl.'s Opening Br. 6. Ms. Holdahl does not identify specific error in the ALJ's assessment of the lay witness testimony.

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. §§ 416.913(d), 416.945(a)(3); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). The ALJ may not reject such testimony without comment, but he may reject lay testimony inconsistent with the medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *Lewis*, 236 F.3d at 512.

The ALJ noted that Ms. Holdahl's mother and daughter testified that she experiences dizzy spells, imbalance, and weakness. Tr. 27. The medical record reflects Ms. Holdahl's complaints, but, as noted, no clinical evidence supports these allegations. The ALJ need not accept lay testimony inconsistent with the medical evidence. *Lewis*, 236 F.3d at 512. Furthermore, lay witnesses may not establish medical diagnoses unsupported by the record. *Nguyen*, 100 F.3d at 1467. The ALJ should have clearly articulated his reasoning, but the ALJ's omission is insignificant because crediting the lay testimony does not establish disability. *See Stout v. Comm'r*, 454 F.3d 1050, 1055-56 (9th Cir. 2006).

    **C.    Treating Physician Dr. Kim's Opinion**

Ms. Holdahl claims that the ALJ inappropriately assessed limitations suggested her treating physician Dr. Kim. Pl.'s Opening Br. 5. The ALJ considered Dr. Kim's undated disability opinion. Tr. 27 (citing tr. 290). The ALJ first found Dr. Kim's report that examining neurologist Dr. Ash diagnosed Ms. Holdahl with "probable" multiple sclerosis flatly contradicted by the record. *Id.* The

record confirms that Dr. Ash made no such postulation. Tr. 241, 246. Furthermore, no physician of record assessed Ms. Holdahl with multiple sclerosis. The ALJ concluded:

> [T]here is no objective evidence to support [Dr. Kim's] opinions. Moreover, it is clear that much of the information Dr. Kim used in making his assessments came from the claimant's own reports without any objective corroboration. Because Dr. Kim's reports are not well supported by medically acceptable clinical and/or laboratory diagnostic studies and are inconsistent with other substantial evidence in the case record, his opinions cannot be given controlling weight.

Tr. 27.

The record shows that Dr. Kim made no diagnostic assessment of multiple sclerosis, noting only "L5 muscle strain," epigastric pain, "brain dysfunction," and depression. Tr. 291-92, 294. These assessments are based upon Ms. Holdahl's reports and include no independent clinical findings. *Id.* The ALJ may reject physician opinions unsupported by clinical notes or findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ may also reject physician opinions predicated upon reports of a claimant found not credible. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). For these reasons the ALJ's rejection of Dr. Kim's opinion was appropriate. The ALJ's analysis is based upon the record and is affirmed.

In summary, Ms. Holdahl fails to establish that the ALJ's RFC assessment contains reversible error. The ALJ's finding that Ms. Holdahl could perform work in the national economy is therefore affirmed.

## CONCLUSION

The Commissioner's decision that Ms. Holdahl did not suffer from disability and is not entitled to benefits under Title XVI of the Social Security Act is based upon correct legal standards

and supported by substantial evidence. The Commissioner's decision is AFFIRMED and the case is dismissed.

IT IS SO ORDERED.

    Dated this  6th  day of May, 2008.

                                  /s/ Michael W. Mosman
                                  Michael W. Mosman
                                  United States District Judge